IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

RAYMOND R. COE, JR.,

    Plaintiff,

v.

BALTIMORE CITY FIRE DEPARTMENT,
et al.,

    Defendants.

CIVIL NO.: WDQ-11-1282

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Raymond R. Coe, Jr. sued the Baltimore City Fire Department (the "BCFD") and the Mayor and City Council of Baltimore (the "City") (collectively, the "Defendants"), for violating Title VII of the Civil Rights Act of 1964 ("Title VII")[1]. For the following reasons, the Defendants' motion for summary judgment, construed as a motion to dismiss,[2] will be granted.

---

[1] 42 U.S.C. §§ 2000e, et seq.

[2] In the memorandum accompanying their motion, the Defendants argue that Coe's complaint "must be dismissed with prejudice" because his discrimination charge was untimely filed. ECF No. 20-1 at 3. "[F]ailure to exhaust administrative remedies is an argument that this Court lacks subject matter jurisdiction." Stokes v. Matteo, No. RDB-11-3398, 2012 WL 5879131, at *3 (D. Md. Nov. 20, 2012) (citing Khoury v. Meserve, 268 F. Supp. 2d 600, 606 (D. Md. 2003), aff'd, 85 F. App'x 960 (4th Cir. 2004)). "[I]n most circumstances, a Rule 56 motion for summary judgment [is an] inappropriate method[] for challenging the district court's subject matter jurisdiction." 5B Charles Alan Wright et al., Federal Practice and Procedure § 1350 & n.33 (3d ed.) (footnote omitted); see also, e.g., Winslow v. Walters, 815 F.2d

I.  Background[3]

On July 21, 1987, the BCFD hired Coe, an African American male, as a firefighter. Compl. Part D, ¶¶ 1, 3. In 1996, Coe was involved in an argument in which he was accused of insubordination. Id. ¶ 5. A battalion chief[4] ordered Coe to undergo a urinalysis for controlled substances. Id. The test was positive. Id. In accordance with BCFD policy,[5] Coe completed a 30-day employee assistance program, received "minor discipline," and was returned to duty. Id. ¶¶ 6-7. Between 1996 and 2008,

---

1114, 1116 (7th Cir. 1987) ("Seeking summary judgment on a jurisdictional issue . . . is the equivalent of asking a court to hold that because it has no jurisdiction the plaintiff has lost on the merits. This is a nonsequitur."). Because the Defendants' motion challenges this Court's jurisdiction over the case, it will be treated as a motion to dismiss.

[3] The Court will consider the pleadings, matters of public record, and documents attached to the motion that are integral to the complaint and whose authenticity is not disputed. See Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009); Richmond, Fredericksburg & Potomac R.R. v. United States, 945 F.2d 765, 768 (4th Cir. 1991) (in determining whether it has jurisdiction, the Court "may consider evidence outside the pleadings without converting the proceeding to one for summary judgment").

[4] A battalion chief is a "management level official in the BCFD." Compl. Part D, ¶ 5.

[5] According to Coe, BCFD policy mandated "progressive" discipline of firefighters for incidents involving the use of alcohol or narcotics. Compl. Part D, ¶ 6. After the first incident, a firefighter who successfully completed the assistance program would typically receive minor discipline and return to duty. Id.

Coe "did not have any other incidents in the BCFD involving the use of substances." *Id.* ¶ 8.

In January 2009, Coe was operating a fire truck on a street that was "covered" with snow and ice when the truck hit a hard object, causing damage to a "compartment" on the truck's undercarriage. Compl. Part D, ¶ 9. Coe was directed to submit to a second urinalysis, and the test was positive for a drug substance. *Id.* After the January 2009 drug test, Battalion Chief Frank Hudak, a white male, ordered Coe to be placed on departmental charges. *Id.* ¶ 10. Coe complained to Hudak that the BCFD was discriminating against him because of his race. *Id.* ¶ 11. In support, Coe asserted that the accident was not preventable and did not cause any injury to persons or serious damage to the truck, and that white firefighters in a similar situation "would not have been directed to take a urinalysis." *Id.*[6] Hudak did not "directly" respond to Coe's complaint. *Id.* ¶ 12. Instead, Hudak told Coe that, because he had twice tested positive for substance use, Coe could either retire or contest the charges through the BCFD's disciplinary process. *Id.* ¶ 13.

---

[6] According to Coe, white firefighters who--like him--had had two substance abuse incidents more than ten years apart were commonly treated, for disciplinary purposes, as if the second incident were the first. Compl. Part D, ¶ 15. Coe asserts that he did not "find out" about this policy until shortly before he filed a charge of discrimination. ECF No. 24 at 3. Had he known about it, Coe alleges that he would not have retired. Compl. Part D, ¶ 17.

Hudak told Coe he was "certain" the charges would be sustained, and Coe would be terminated. *Id.* On January 21, 2009, "[u]nder duress, and because of Hudak's coercion," Coe retired from the BCFD. *Id.* ¶ 14.

On April 5, 2010, U.S. Equal Employment Opportunity Commission ("EEOC") Investigator Christie D. Boyd interviewed Coe. *See* ECF No. 20-1 at 25. By May 21, 2010 letter, Boyd notified Coe of her preliminary conclusion that he appeared to have been "unfair[ly] treat[ed]," but not because of his membership in a protected class. *Id.* Boyd also noted that Coe's allegations as to his allegedly forced retirement on January 21, 2009 were "over the 300 day timeframe" and thus untimely. *Id.* On July 19, 2010, Coe filed a Charge of Discrimination against the BCFD with the Maryland Commission on Human Relations (the "MCHR") and the EEOC, for race- and sex-based discrimination. ECF No. 20-1 at 28.[7] Sometime later, Coe received notice of his right to sue. Compl. Part D, ¶ 24(d).[8] On May 11, 2011, Coe sued the Defendants for race-based

---

[7] The charge alleged that, in April 2009, an off-duty white male firefighter had been found to be driving under the influence ("DUI") and was not discharged, although the DUI caused that firefighter's second disciplinary incident. ECF No. 20-1 at 28.

[8] Coe does not indicate when he received the right-to-sue letter. Compl. Part D, ¶ 24(d).

discrimination, in violation of Title VII. ECF No. 1.[9] On September 1, 2011, the Defendants answered. ECF No. 3. Discovery was complete on June 5, 2012. ECF No. 18. On or about August 21, 2012, Hudak allegedly contacted Coe to inform him that, at the time of the incident, he had been unaware of the policy "regarding the waiver or expungement of prior substance abuse incidents," and that had he been aware of the policy, he would have suspended Coe and required him to attend counseling. ECF No. 24 at 3.[10]

---

[9] The complaint alleged that the Defendants discriminated against Coe by, *inter alia*, (1) treating his "fire apparatus incident" as an "accident," instead of a "minor incident"; (2) treating his 2009 drug test as the second substance use incident instead of excusing the 1996 incident; and (3) coercing Coe to retire. *See* Compl. Part D, ¶ 18. The Defendants "knew or should have known" that Coe "was being subjected to unlawful and discriminatory employment practices" but "failed to take any reasonable actions" to prevent or correct the discrimination. *Id.* ¶¶ 20, 21. Instead, the Defendants "engaged in racial discrimination . . . with malice, and with a reckless indifference" to Coe's civil rights. *Id.* ¶ 23. Coe requested $300,000 in compensatory damages; $300,000 in punitive damages; and additional "remedial relief" including reinstatement, back pay, front pay, and loss of overtime. *Id.* at 8. Coe also requested attorney's fees and costs and "such further and additional relief . . . as the justice of the case and cause may require." *Id.*

[10] Hudak also allegedly admitted that he had, at some point, "bec[o]me aware" of a "number of cases" involving white firefighters in which the policy was applied, and the white firefighters were not terminated. ECF No. 24 at 3. Coe's counsel "memorialized" Hudak's statement in an email to defense counsel, the "full text" of which is purportedly copied and pasted into the body of Coe's opposition to the Defendants' pending motion. *See id.* at 3, 4. Because Coe has not provided any documentation to authenticate these statements, the Court

On July 20, 2012, the Defendants timely moved for summary judgment. ECF No. 20; *see* ECF No. 19. On September 10, 2012, Coe timely opposed the motion. ECF No. 24; *see* ECF No. 23. On September 27, 2012, the Defendants timely replied. ECF No. 25.

II. Analysis

A. Legal Standard

Under Fed. R. Civ. P. 12(b)(1), the Court must dismiss an action if it discovers it lacks subject matter jurisdiction. The plaintiff has the burden of proving the Court has jurisdiction, and the Court must make all reasonable inferences in the plaintiff's favor. *Khoury*, 268 F. Supp. 2d at 606. The Court may "look beyond the pleadings" to decide whether it has subject matter jurisdiction, but it must presume that the factual allegations in the complaint are true. *Id.*

B. The Merits

The Defendants argue that this Court lacks subject matter jurisdiction over Coe's complaint because Coe's discrimination charge was untimely filed. ECF No. 20-1 at 3. Coe counters that the Defendants have not "identified the material facts which they are asserting cannot be genuinely disputed for

---

will not consider them as evidence. *Exchange Nat'l Bank of Chi. v. Touche Ross & Co.*, 544 F.2d 1126, 1131 (2d Cir. 1976) ("[J]ust as under Rule 56, a party opposing a Rule 12(b)(1) motion cannot rest on the mere assertion that factual issues may exist.").

resolution of the Motion," and further argues that equitable tolling applies. ECF No. 24 at 6-7.

Title VII makes it unlawful for an employer to "discharge any individual, or otherwise to discriminate against any individual . . . because of such individual's race [or] sex." 42 U.S.C. § 2000e-2(a)(1). To bring a Title VII claim in federal court, a plaintiff must first file administrative charges with the EEOC or an authorized state agency. *Chacko v. Patuxent Inst.*, 429 F.3d 505, 506 (4th Cir. 2005). There are two limitations periods within which the charge may be filed. "The basic limitations period is 180 days after the alleged unlawful employment practice." *Edelman v. Lynchburg Coll.*, 228 F.3d 503, 506 (4th Cir. 2000) (*citing* 42 U.S.C. § 2000e-5(e)(1)). In deferral states such as Maryland,[11] the period is extended to 300 days. *See Williams v. Giant Food, Inc.*, 370 F.3d 423, 428 (4th Cir. 2004); 42 U.S.C. § 2000e-5 (e)(1)). Thus, to be timely, Coe's charge must have been filed within 300 days of the allegedly unlawful employment practice.

Here, the allegedly unlawful employment practice occurred immediately after Coe's "fire apparatus incident" in January 2009, when Coe was required to undergo a second urinalysis,

---

[11] Deferral states have "a State or local agency with authority to grant or seek relief from [unlawful employment] practice[s] or to institute criminal proceedings with respect thereto." 42 U.S.C. § 2000e-5(e)(1). Maryland's agency is the MCHR. *Prelich v. Med. Res.*, 813 F. Supp. 2d 654, 661 (D. Md. 2011).

7

placed on departmental charges, and forced into retirement on January 21, 2009. Compl. Part D, ¶¶ 14, 18. Coe signed a formal charge of discrimination under penalty of perjury on July 14, 2010--more than 200 days late. See ECF No. 20-1 at 28.[12] Coe argues, however, that the time period for filing should be equitably tolled. ECF No. 24 at 7.

"Courts strictly adhere to the time limits in Title VII and rarely allow equitable tolling of limitations periods."[13] "Equitable tolling applies where the defendant has wrongfully deceived or misled the plaintiff in order to conceal the existence of a cause of action." *English v. Pabst Brewing Co.*, 828 F.2d 1047, 1049 (4th Cir. 1987). "To invoke equitable tolling, the plaintiff must therefore show that the defendant attempted to mislead him and that the plaintiff reasonably relied on the misrepresentation by neglecting to file a timely

---

[12] An informal filing with the EEOC may be considered a "charge" of discrimination if it provides "the information required by the regulations, *i.e.*, an allegation and the name of the charged party" and is "reasonably construed as a request for the [EEOC] to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee." *Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 402 (2008). Coe does not argue that any initial intake questionnaire, or other written correspondence predating the formal charge, was a "charge" of discrimination. *See generally* ECF No. 24. Because Coe bears the burden of establishing subject matter jurisdiction, the Court will not consider the issue. *Khoury*, 268 F. Supp. 2d at 606.

[13] *Radbod v. Wash. Suburban Sanitary Comm'n*, No. Civ. JFM-03-0309, 2003 WL 21805288, at *3 (D. Md. July 14, 2003).

charge." *Id.* Otherwise stated, the statute of limitations will not be tolled on the basis of equitable estoppel unless the employee's failure to timely file is "the consequence either of a deliberate design by the employer or of actions that the employer should unmistakably have understood would cause the employee to delay filing his charge." *Id.*

Coe alleges that, upon discovering an employee's second substance abuse incident, it is BCFD policy to waive or expunge the first incident. ECF No. 24 at 2. He states that he was not informed of this policy until "shortly before" he filed the discrimination charge. *Id.* at 3. Coe concludes that the Defendants "misled" him to conceal the existence of a cause of action, rendering equitable tolling appropriate. *Id.* at 2. According to the complaint, after Coe was placed on departmental charges for use of a drug substance in January 2009, Coe met with Hudak. Compl. Part D, ¶ 11. Coe complained that the BCFD was "discriminating against him because of his race because of the manner in which the apparatus incident was being handled." *Id.* Coe specifically told Hudak that he "should not have been directed to take a urinalysis because white Firefighters in a similar situation for such a minor incident would not have been directed to take a urinalysis." *Id.* Plainly, as of the date of his resignation later that month, Coe possessed all the facts necessary to file a charge of discrimination as to the

Defendants' allegedly unlawful acts. *Cf. Radbod*, 2003 WL 21805288, at *3. Coe has not shown that the Defendants intentionally caused him to miss the filing deadline, or promised him anything in exchange for his forbearance in timely filing a claim.[14]

Because Coe has not satisfied the prerequisite of timely filing his charge with the EEOC, or shown that equitable tolling applies, this Court lacks subject matter jurisdiction over his claims.

III. Conclusion

For the reasons stated above, the Defendants' motion for summary judgment, construed as a motion to dismiss, will be granted.

2/21/13
_____
Date

_____
William D. Quarles, Jr.
United States District Judge

---

[14] *See Radbod*, 2003 WL 21805288, at *3 (*quoting English v. Whitfield*, 858 F.2d 957, 963 (4th Cir. 1988)).